NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGYU JIN, AKA Young Ok Kim, | No.    15-70836 |
| Petitioner, | Agency No. A088-289-167 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021**

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Yingyu Jin, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Jin's testimony and her household registration regarding whether she had ever worked in China; inconsistencies regarding why and how she updated her household registration; and her demeanor. *Id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances); *Huang v. Holder*, 744 F.3d 1149, 1153-54 (9th Cir. 2014) (an adverse credibility determination based on the alien's demeanor should be afforded special deference because such assessments are often based on nonverbal cues and thus, the IJ is best suited to make demeanor determinations). Jin's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, Jin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Jin's CAT claim because it was based on the same evidence found not credible, and Jin does not point to any other evidence in the record that compels the conclusion that it is more

likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-70836